AUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY CROSS, <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-172-RLM-MGG |

OPINION AND ORDER

Anthony Cross, a prisoner without a lawyer, filed a complaint against ten separate defendants about events at the Indiana State Prison between January 24 and February 2, 2020. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

According to Mr. Cross, on January 24, 2020, Sgt. Thompson, Sgt. Tustison, Lt. Redden, Officer Wilson, and Officer Anderson jumped on him while he was in handcuffs when he was coming out of his cell. He was spat upon, kicked and punched by these five defendants. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously

and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Cross the benefit of the inferences to which he is entitled at this stage of the case, he has stated a claim against Sgt. Thompson, Sgt. Tustison, Lt. Redden, Officer Wilson and Officer Anderson.

These defendants then called Lt. Lot, who instructed that Mr. Cross be taken to an isolation cell. While in isolation, Mr. Cross had to eat with his hands and was disallowed his legal mail, hygiene materials and clothes. He couldn't flush the toilet without a guard turning on the water for that purpose. Mr. Cross is suing Lt. Lot and Warden Neal for having him placed in isolation. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* The subjective prong asks whether the defendant was deliberately indifferent. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Mr. Cross alleges only that Lt. Lot and Warden Neal directed that he be taken to isolation. He doesn't allege that they or any other defendant was responsible for the conditions in

isolation. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). These allegations don't state a claim on which relief can be granted.

Mr. Cross stopped eating in protest of the conditions in isolation. After three days of not eating, he became dizzy and passed out. Mr. Cross claims that Lt. Drapper, Lt. Moon, and Lt. McCormick came to his cell and sprayed him with mace when they found him unresponsive. These allegations state a claim for excessive force against Lt. Drapper, Lt. Moon, and Lt. McCormick. *See* Hendrickson v. Cooper, 589 F.3d at 890.

Mr. Cross alleges that he was not provided with dinner on either January 27, 2020, or January 28, 2020. There is a minimal "level of imposition with which the Constitution is not concerned." Ingraham v. Wright, 430 U.S. 651, 674 (1977), *see also* Hudson v. McMillian, 503 U.S. 1, 9-10. Missing two meals over the course of two days doesn't implicate the Constitution. *See* Morris v. Kingston, 368 F. App'x 686, 688-89 (7th Cir. 2010). Furthermore, Mr. Cross has not indicated that any of the defendants were responsible for him missing these meals. *See* Burks v. Raemisch, 555 F.3d at 596. These allegations don't state a claim on which relief can be granted.

Mr. Cross also claims that he asked for medical attention, but none was provided. Mr. Cross doesn't say when he needed medical attention, what kind of medical attention he needed, or even who he asked for medical attention. His complaint doesn't allege that any of the defendants named in this lawsuit denied him necessary medical care. *See* Burks v. Raemisch, 555 F.3d at 596. This doesn't state a claim on which relief can be granted.

3

Mr. Cross also filed a letter (ECF 9) with the court indicating that an unidentified correctional officer tried to kill him. He provides no further details. Whether the unidentified correctional officer is one of the defendants in this case isn't clear, but it is clear that Mr. Cross hasn't alleged facts in his complaint about this new incident, so he can't proceed on a claim arising from that incident.

For these reasons, the court:

(1) GRANTS Anthony Cross leave to proceed against Sgt. Thompson, Sgt. Tustison, Lt. Redden, Officer Wilson, and Officer Anderson, in their individual capacities for compensatory damages for using excessive force against Anthony Cross on January 24, 2020, in violation of the Eighth Amendment;

(2) GRANTS leave to proceed against Lt. Drapper, Lt. Moon, and Lt. McCormick, in their individual capacities for compensatory damages for using excessive force against Anthony Cross by spraying him with mace sometime between January 24, 2020, and February 2, 2020, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Lt. Lot and Warden Ron Neal;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Thompson, Sgt. Tustison, Lt. Redden, Officer Wilson, Officer Anderson, Lt. Drapper, Lt. Moon, and Lt. McCormick at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Thompson, Sgt. Tustison, Lt. Redden, Officer Wilson, Officer Anderson, Lt. Drapper, Lt. Moon, and Lt. McCormick respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 11, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT