UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY CROSS,

    Plaintiff,

    v.                               CAUSE NO. 3:20-CV-172-RLM-MGG

MCCORMICK, et al.,

    Defendants.

OPINION AND ORDER

    The court granted Anthony Cross, a prisoner without a lawyer, leave to proceed on a claim against Sgt. Thompson, Sgt. Tustison, Lt. Redden, Officer Wilson, and Officer Anderson for using excessive force against him on January 24, 2020, in violation of the Eighth Amendment. He was also granted leave to proceed against Lt. Drapper, Lt. Moon, and Lt. McCormick for using excessive force against him by spraying him with mace sometime between January 24, 2020, and February 2, 2020, in violation of the Eighth Amendment. The defendants filed this motion for summary judgment arguing that Mr. Cross failed to exhaust his administrative remedies. Mr. Cross didn't file a response, although he was warned of the consequences of failing to respond. ECF 26.

    Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court

must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). Our court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. Dole v. Chandler, 438 F.3d at 809.

The Indiana Department of Correction grievance policy in effect during the relevant time consisted of multiple steps: an informal complaint, a formal complaint, a formal appeal to the warden or his designee, and a formal appeal to the department grievance manager. According to the IDOC's grievance records, Mr. Cross didn't submit a formal grievance. Mr. Cross has offered no evidence to the contrary. The undisputed evidence shows that Mr. Cross initiated this

lawsuit without exhausting his administrative remedies. There is no evidence that the grievance process was made unavailable to him. Therefore, the court must grant the defendants' summary judgment motion.

For these reasons, the court GRANTS the defendants' motion for summary judgment. ECF 24. This case is DISMISSED without prejudice pursuant to 42 U.S.C. 1997(e)(a).

SO ORDERED on January 25, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT